■ In the Matter of Estate of BERNARD P. BIRNBAUM, Deceased, Appellant, v. YANKEE WHALER, INC., Respondent.—Order unanimously reversed, with costs, and petition granted. Memorandum: On August 21, 1969 Bernard Birnbaum, as landlord, and Yankee Whaler, Inc., as tenant, entered into a lease for the premises of the Yankee Whaler Restaurant. Under this relationship tenant was in the habit of paying its rent late, and the landlord apparently countenanced this practice. After Bernard Birnbaum's death, a new lease was executed on November 17, 1977 between Janice Birnbaum, as coexecutrix for the estate of Bernard Birnbaum, and Yankee Whaler. This lease provided, *inter alia,* that in the event tenant failed to pay its rent for 30 days and, after 10 days' notice by the landlord had failed to cure such nonpayment, the landlord could terminate the lease and re-enter the premises. Tenant failed to pay its January, 1978 rent and, on January 30, 1978, landlord made a demand for rent with notice of intent to terminate if payment were not made within 10 days. It appears that such demand continued to be made through February and March during which period tenant made partial payments of rent but never became current. Finally, on April 17, 1978 landlord served tenant with notice of termination of the lease. This notice stated that tenant would be expected to surrender the premises by May 31, 1978. Tenant failed to vacate by the May 31 deadline, and a month-to-month tenancy resulted (Real Property Law, § 232-c). On February 27, 1979 landlord served tenant with notice to terminate the month-to-month tenancy (Real Property Law, § 232-b). Yankee Whaler again refused to surrender the premises and this summary proceeding was commenced by Janice Birnbaum, coexecutrix, under section 711 of the Real Property Actions and Proceedings Law. The trial court refused to grant landlord's petition to recover the premises, finding that the lease was not effectively terminated in April, 1978. The court held that, though there had been a breach of the lease provision requiring payment within 30 days or cure within 10, this breach was not so material as to justify a termination which would result in a substantial forfeiture. In arguing for affirmance, tenant relies upon two grounds for the unenforceability of the termination provision: first, that the course of conduct between the parties gave rise to an implied waiver of the landlord's right to demand strict compliance with the terms of the lease; and, second, that equitable considerations, in particular the landlord's failure to make repairs for which it was responsible, make the courts' traditional disfavor of forfeiture especially applicable here. We find neither argument persuasive. If the lease dated August 21, 1969 were involved here, a waiver might well be found on the basis of Bernard Birnbaum's acquiescence in tenant's habit of late payment. There was no such course of conduct between the parties to the November 17, 1977 lease, however. The landlord pursued its rights under that lease as soon as a breach occurred, and the steady stream of demand letters from January 31, 1978 until the April 17 notice of termination further persuades us of the inapplicability of waiver under the circumstances presented here. Nor will we invoke equity to relieve tenant of its default. It is true that the courts of this State have traditionally been reluctant to enforce a substantial forfeiture where a tenant's default was the result of inadvertence or neglect (see e.g., *J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Jones v Gianferante,* 305 NY 135; *57 E. 54 Realty Corp. v Gay Nineties Realty Corp.,* 71 Misc 2d 353). Here, however, the late payments are not claimed to have resulted from inadvertence. The lease was entered into between two commercial parties of equal bargaining strength *(Tehan v Peters Print. Co.,* 71 AD2d 101). Where a lease between commercial parties is terminated in

strict accordance with its terms, equitable relief should not be granted in the absence of a showing of fraud, exploitive overreaching or some other type of unconscionable conduct on the part of the landlord *(Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573). This is particularly so where the termination provision relates to payment of rent, since this is such a central part of the bargain between the landlord and tenant *(Fifty States Mgt. Corp. v Pioneer Auto Parks, supra,* p 578). There has been no showing of bad faith on the part of the landlord sufficient to justify relieving tenant of its default. Tenant raised the landlord's failure to make repairs, but did not allege that this omission had any correlation to the delinquency in rent or that, had it made repairs itself and charged their cost against the rent, this would have offset the amounts owing at the time of termination (see *Janks v Central City Roofing Co.,* 271 App Div 545; *240 West 37th St. Co. v Lippman,* 241 App Div 529). (Appeal from order of Erie County Court—terminate lease.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.