■ MARTIN GLASS, as Administrator of the Estates of THEODORE GLASS and Another, Appellant, v JOEL S. WIENER et al., Respondents. — In an action to recover damages for the conversion of the plaintiff's decedents' personal property, the plaintiff administrator appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated December 12, 1983, which denied his motion for summary judgment on the issue of liability and for an assessment of damages by a jury.

Order reversed, on the law, with costs, motion granted, and matter remitted to the Supreme Court, Kings County, for an assessment of damages.

Beginning in 1932, plaintiff's parents were statutory tenants under the New York City Rent Control Law of apartment 4C of the building located at 3111 Brighton First Place, Brooklyn, New York. Plaintiff's father, Theodore Glass, passed away on January 5, 1981 and his mother, Flossie, died on June 1, 1981. During the almost 50 years in which plaintiff's parents resided in the apartment they had accumulated a lifetime of possessions having monetary and sentimental value.

The apartment building is owned by defendants Joel Saul Wiener and Arthur Wiener, doing business as Ocean Realty Company. The Wieners are both attorneys who personally manage the building. Defendants Raymond and Carmen Rivera have been employed by the Wieners for a number of years in the capacity of building superintendents.

All bills pertaining to the apartment, including rent, were paid from a joint checking account which plaintiff shared with his father. At the time of the death of plaintiff's mother, rent for the subject apartment had been paid and accepted for the month of June, 1981. Furthermore, the rent for July had allegedly been mailed prior to the commencement of that month.

At some point before the end of June, defendants Rivera, acting at the directive of defendant Arthur Wiener, broke the locks, forcibly entered apartment 4C and unlawfully removed all the contents therefrom. When plaintiff returned to his parents' apartment, he discovered that the locks had been changed. Upon confronting the Riveras, plaintiff was informed that they had discarded or destroyed all of his parents' possessions with the exception of two television sets and a clock.

Plaintiff thereupon commenced this action against all four defendants charging them with converting the decedents' personal possessions for their own use and enjoyment and depriving plaintiff of his rightful possession and enjoyment thereof. He demanded damages in the sum of $100,000.

Plaintiff subsequently moved for summary judgment on the issue of liability and for an assessment of damages by a jury. During the course of the parties' dispositions, Arthur Wiener admitted that the Riveras had acted at his direction. It was also shown that the landlords knew plaintiff's address. Carmen Rivera testified that she had obtained plaintiff's telephone number from the landlords. Despite this knowledge, there was no attempt by or on behalf of defendants to contact plaintiff prior to the unauthorized entry into his parents' apartment and the disposal of the property found within.

In opposition to plaintiff's motion, defendants asserted the existence of questions of fact based upon the testimony of Carmen Rivera to the effect that an unnamed tenant from apartment 5B had informed defendants that plaintiff had already removed the articles of value and that he had left his parents' old apartment to be cleaned because he no longer wanted to pay rent on it. Moreover, inasmuch as plaintiff's parents had been statutory tenants under the Rent Control Law, their tenancy had terminated upon their deaths.

Special Term denied plaintiff's motion for summary judgment on the ground that triable issues of fact exist. We disagree.

A landlord has no absolute right to retain or destroy personal property belonging to a tenant. Even where a tenant is legally dispossessed, the landlord's rights extend only to the real property. He acquires no concomitant right to use or retain the tenant's personal property (*Congregation Anshe Sefard v Title Guar. & Trust Co.,* 291 NY 35, 39, mot for rearg den 291 NY 669).

Interference with another's right to possession is the essence of conversion (*Parkway Mgt. Co. v Wolfson,* 32 AD2d 306, 309, affd in part and app dsmd in part 28 NY2d 634, mot for rearg den 28 NY2d 994). In order to be guilty of conversion, it is not necessary that one take actual physical possession of the subject property. "Any wrongful exercise of dominion by one other than the owner is a conversion * * * [A] wrongful intention to possess the property of another [is not] an essential element of a conversion. It is sufficient if the owner has been deprived of his property by the defendant's unauthorized act in assuming dominion and control * * * No manual taking of the property or application of it to the defendant's own use is required. The exercise of dominion over property to the exclusion of and in defiance of the owner's right is a conversion" (*General Elec. Co. v American Export Isbrandtsen Lines,* 37 AD2d 959, 959-960).

In the instant case, defendants were aware of plaintiff's existence and of his involvement with his parents' tenancy. Although they knew plaintiff's telephone number and address,

defendants failed to contact plaintiff prior to disposing of his parents' property. Moreover, Arthur Wiener admitted to plaintiff that he had erred in directing the entry into the apartment and agreed to consider a "reasonable figure" as compensation.

Under the circumstances, defendants' action, predicated upon the hearsay statement of an unnamed tenant, resulted in an unjustified act of conversion entitling plaintiff to damages. Notwithstanding the duty incumbent upon one opposing a motion for summary judgment to lay bare his proof to the court, defendants have failed to either divulge the identity of this tenant or to provide an affidavit from her confirming Mrs. Rivera's assertion. No other defense has been suggested or asserted.

Absent any triable question of fact, plaintiff's application for summary judgment on the issue of liability should have been granted. Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.