OPINION OF THE COURT
Murray Pudalov, J.
decision after trial
This is an action against defendants for conversion of plain *937 tiffs 1973 Cadillac and for false advertising. The defendants counterclaim for storage charges for the automobile and abuse of process. The trial of this action was held on May 22, 1986.
FACTS
From the credible evidence adduced at trial the court finds the salient facts of the case are as follows:
On the morning of October 4, 1984, the plaintiff brought his 1973 Cadillac to defendant Cap-A-Radiator Shop (hereafter referred to as Shop) located at 2879 Long Beach Road, Long Beach, New York, to have his radiator repaired. The defendant Oceanside Wheel Alignment, Inc., is a licensed repair shop which shares the same building and does the repair work for the defendant Shop. Defendant Oceanside Wheel Alignment has a franchise from defendant Cap-A-Radiator. The latter corporation does not do repairs. Both corporations are owned by the same individual, Joe Fels.
On the morning of October 4, 1984, the plaintiff spoke to defendant Jim Peister (hereafter referred to as Peister) an employee and the manager of the aforesaid corporate defendants. The plaintiff told Peister that his radiator was leaking. Plaintiff asked how much it would cost to repair. Peister told him $59.95. The plaintiff showed Peister a newspaper coupon advertisement for Cap-A-Radiator Shops allowing $5 off the $59.95 regular price to repair radiators of American cars including removal and reinstallation of the radiator. No written estimate was prepared. No inspection of the radiator was made by Peister before he told the plaintiff the cost for repair. There were no signs posted indicating a service charge for removal and/or reinstallation of radiators. The plaintiff gave Peister his telephone number and left the car with the defendants.
Later that morning Peister telephoned plaintiffs wife and told her that upon inspection the radiator should be replaced, rather than repaired, at a cost of approximately $200. The plaintiffs wife thereafter spoke to plaintiff and called Peister back to advise him that plaintiff did not want the radiator replaced or repaired. Peister advised her that there would be a $25 service charge for checking out the radiator and removing it.
*938 That evening the plaintiff returned to the Shop to pick up his car. He was advised by Peister that it was not ready, that the radiator was not reinstalled and that plaintiff would have to pay $25 to have the radiator reinstalled. The plaintiff refused to pay the $25. The plaintiff left the Shop without his car. The subject vehicle has remained on the premises of the defendant corporations since October 4, 1984. The attorneys for defendant Cap-A-Radiator Shops, by letter dated January 28, 1985, advised plaintiff to pick up his car or he would be liable for storage charges.
CONCLUSIONS OF LAW
Conversion is the unauthorized assumption and exercise of dominion of the right of ownership over property belonging to another. (Employers’ Fire Ins. Co. v Cotten, 245 NY 102; Glass v Wiener, 104 AD2d 967 [2d Dept 1984]; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 1, at 207; see also, Restatement [Second] of Torts § 222A [1965].) However, in order to maintain an action for conversion where one is originally in lawful possession of another’s property, a demand by the owner and a refusal to return possession of the property of the owner must be shown. (Tompkins v Fonda Glove Lining Co., 188 NY 261, rearg denied 188 NY 635.) In the case at bar the defendants were in lawful possession of the car since plaintiff left it with them for repair. The plaintiff thereafter demanded return of the car. However, defendants refused to surrender possession without payment of $25. The plaintiff refused to pay defendants the $25.
The issue the court must decide is whether or not the defendants’ refusal to surrender possession was justified.
The defendants assert general denials in their answers and the affirmative defense that the $25 was a reasonable fee for the work performed. It is also asserted that although plaintiff did not request an estimate, that a reasonable charge for an estimate is proper under the Vehicle and Traffic Law.
The Legislature enacted Vehicle and Traffic Law article 12-A to regulate the practices of motor vehicle repair shops. Both Vehicle and Traffic Law § 398-d and Regulations of the Commissioner of Motor Vehicles § 82.5 (a) (15 NYCRR 82.5 [a]), promulgated thereunder, provide that a repair shop "may charge a reasonable fee for making an estimate.”
A reasonable fee for making an estimate is defined in the Commissioner’s regulations as "An amount based on no more *939 than the shop’s labor charge, calculated by clock hours, or $1, whichever is greater.” (15 NYCRR 82.2 [g].)
In the case at bar it is undisputed that Peister did not tell plaintiff that there would be a charge for removal and reinstallation of the radiator. The pivotal question therefore is whether or not the defendants were required to tell plaintiff prior to performing services in connection with preparing an estimate that there would be a charge for such services.
Two of the stated purposes of the repair shop legislation are (1) "to protect the consumers of this state from dishonest, deceptive and fraudulent practices in the repair of * * * motor vehicles” and (2) "to set standards for quality repairs to be made to motor vehicles for fair and reasonable fees”. (Vehicle and Traffic Law § 398-a.)
The reasonableness of the $25 charge is not in issue. The question is whether or not the defendants waived their statutory right to be compensated for preparing an estimate by their failure to tell plaintiff of the charge before he left his car in their possession.
The court feels that the purpose of the repair shop legislation would be subverted by permitting repair shops to demand a fee for services performed in connection with preparing an estimate where notice to the customer of such charge is not communicated to him until after the vehicle has been torn down. The court finds that the plaintiff could not have authorized the services for preparation of an estimate without knowledge that there would be such a fee. Therefore, the court holds that under these facts the defendants waived their right to charge plaintiff for an estimate. The defendants do not have a possessory lien on the property pursuant to Lien Law § 184 since the plaintiff did not consent to or authorize these services. The defendants’ refusal to surrender possession to plaintiff of his car by demanding a fee to reinstall the radiator was conversion. By such act the defendants assumed the unauthorized dominion and control of the car. The interference of the owner’s right to possession is the essence of conversion (Glass v Wiener, supra, at p 968).
The plaintiff is awarded judgment on the first and second causes of action for conversion against defendants Cap-A-Radiator Shops and Oceanside Wheel Alignment, Inc. and Jim Peister. An agent or employee acting in behalf of a corporation who converts the property of another is liable for such conversion. (Passaic Falls Throwing Co. v Villeneuve-Pohl Corp., 169 App Div 727.)
*940 The plaintiff failed to prove the third cause of action for false advertising and it is dismissed.
The defendant’s counterclaims for storage charges for plaintiffs car and for abuse of process are without merit and are hereby dismissed.
The amount of damages recoverable for conversion is the value of the property at the time of the conversion. (Wallingford v Kaiser, 191 NY 392.) The court finds from the credible evidence adduced at trial that the value of the car at the time of conversion was $600.
Accordingly, the plaintiff shall have a judgment in the amount of $600, with interest from October 4, 1984.