S. E. NICHOLS, INC., et al., Appellants, v AMERICAN SHOPPING CENTERS, INC., et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (White, J.), entered August 5, 1986 in Fulton County, which, *inter alia,* partially granted defendants' motion for summary judgment and declared that defendants properly terminated a lease between the parties.

The parties to this appeal are sophisticated corporations which are well counseled in legal matters. In June 1969, they entered into a long-term shopping center lease. On April 4, 1984, defendants sent plaintiffs a notice of default stating, *inter alia,* that plaintiffs had failed to pay certain percentage rental as required by the lease. On May 1, 1984, plaintiffs responded asserting that a previously complained-about leaky roof constituted a substantial breach of the lease, making the percentage rental payment unnecessary until such time as the roof was replaced. Plaintiffs informed defendants that they

would place the percentage rent in an escrow account and pay the amount due only when the roof was replaced. Defendants responded, rejecting the proposed escrow account and reiterating that plaintiffs had authority to make emergency repairs at defendants' expense while defendants were pursuing replacement of the roof.

Not having received the demanded rent during the 30-day period in which plaintiffs could have cured the default, defendants sent plaintiffs, on May 7, 1984, a notice of termination of the lease effective June 1, 1984. This action was consistent with the provisions of the lease which provide that in the event the lessee defaults in the payment of rent and fails to cure the default within 30 days of receipt of written notice, the lessor has the right to terminate the lease. Plaintiffs then commenced this action and, among other things, were granted a preliminary injunction. An appeal from that order resulted in this court modifying the order by reversing so much thereof as granted plaintiffs' motion for a preliminary injunction (see, 115 AD2d 856). This court considered other issues which are not pertinent to the arguments asserted on this appeal.

Subsequently, defendants moved for summary judgment dismissing plaintiffs' complaint and for a declaration that the lease was properly terminated. Plaintiffs opposed the motion alleging triable issues of fact existed. Supreme Court granted defendants partial summary judgment holding, inter alia, that the lease was properly terminated. This appeal ensued.

We affirm. Plaintiffs contend that they have alleged sufficient facts to create a triable issue as to whether defendants breached the covenant to repair the roof contained in the lease and that, if proven, this would excuse their payment of the percentage rent into an escrow account. Initially, we note that the lease did not authorize an escrow payment and defendants specifically rejected such an arrangement. Additionally, a covenant to pay rent and a covenant to make repairs are independent obligations and the breach of one is not a defense to the other (Thomson-Houston Elec. Co. v Durant Land Improvement Co., 144 NY 34, 43-44; Earbert Rest. v Little Luxuries, 99 AD2d 734; Matter of Birnbaum v Yankee Whaler, 75 AD2d 708, affd 51 NY2d 935). Plaintiffs argue that this principle of law is inapplicable because percentage payment, rather than basic rent, is in dispute. This argument is unavailing on the facts at hand where the lease expressly provides that the percentage payments are considered rent.

Plaintiffs also argue that their failure to pay the percentage

payment was not a material breach of the lease. The percentage payment requirement is an integral part of the lease agreement and plaintiffs' willful breach of that provision cannot be considered immaterial *(see, Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573; *Matter of Birnbaum v Yankee Whaler, supra).*

Plaintiffs' assertions of bad faith, overreaching and unconscionability are unsupported by the record. Plaintiffs' further arguments that they need more time for discovery and that the parties modified the lease regarding the percentage payments were not raised before Supreme Court and thus are not properly before this court *(see, e.g., Matter of Quealy v Passidomo,* 124 AD2d 955, 957; *Sidoti v State of New York,* 115 AD2d 202, 204).

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.