■ CAST THE SLEEPING ELEPHANT TRUST et al., Appellants, v FRIENDS WORLD COLLEGE, Respondent. [620 NYS2d 63] —Order, Supreme Court, New York County (Myriam Altman, J.), en-

tered September 10, 1993 and order of same court (Walter Schackman, J.), entered March 28, 1994 which, respectively, granted defendant's motion for summary judgment dismissing the complaint upon statute of limitations grounds and which denied plaintiffs' motion for renewal, unanimously affirmed, without costs.

Plaintiffs stored their personal property in a boathouse on defendant's campus for a period which they admit was contemplated to be but a few months. No formal contract between the parties was ever entered into nor was rent ever paid. Six years later, in 1986, prior to the extended date by which plaintiffs agreed to remove their property, defendant removed the property from the boathouse, allegedly damaging the property giving rise to this lawsuit.

We agree with the IAS Justices that the cause of action herein is one strictly for conversion or destruction of personal property (see, Glass v Wiener, 104 AD2d 967, 968), and is accordingly governed by the three-year statute of limitations of CPLR 214 (4). Since the action was commenced some six years after the claimed damage to the property, it is time-barred. There exists no basis on this record to conclude that the parties had entered into a binding lease or license or other contract for a specific period of time for which a breach may be stated, allowing for a six-year statute of limitations.

We have considered plaintiffs' contentions to the contrary and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.