*590 OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
In this nonpayment proceeding, tenant contended that it had orally modified the terms of the written lease with the prior owner to provide for payment of rent in a manner differing from the written terms of the lease. It argued in the court below that the conduct of the parties herein amounted to a modification of the lease and that, in any event, petitioner should be estopped from bringing this proceeding.
The case cited by tenant in support of its position is that of Rose v Spa Realty Assocs. (42 NY2d 338), for the proposition that contracts can be “unmade, and a contractual prohibition against oral modification may itself be waived.” In that case, plaintiffs sought specific performance from defendants of an oral agreement to modify the written agreement of sale. The Court phrased the issues as being (at 340): “There are two issues of law arising under subdivision 1 of section 15-301 of the General Obligations Law. The statute provides that written agreements expressly proscribing oral modification cannot be changed by oral executory agreement. The first issue is whether partial performance of an oral modification suffices to take the modification out of the statutory requirement of a writing. The second, and alternative, issue is whether equitable estoppel may be invoked to bar a party from relying on the statute. Also at issue, if the oral modification [is] effective, is the payment term for the modified transaction.” The Court then stated (at 341): “Partial performance of an oral agreement to modify a written contract, if unequivocally referable to the modification, avoids the statutory requirement of a writing. Moreover, when a party’s conduct induces another’s significant and substantial reliance on the agreement to modify, albeit oral, that party may be estopped from disputing the modification notwithstanding the statute.” In discussing the effect of the General Obligations Law, the Court stated (at 343-344):
“Parties to a written agreement who include a proscription against oral modification are protected by subdivision 1 of section 15-301 of the General Obligations Law. Any contract containing such a clause ‘cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement * * * is sought’. Put otherwise, if the only proof of an alleged agreement to deviate from a written contract is the oral exchanges between *591 the parties, the writing controls. Thus, the authenticity of any amendment, is ensured * * *
“On the other hand, when the oral agreement to modify has in fact been acted upon to completion, the same need to protect the integrity of the written agreement from false claims of modification does not arise. In such case, not only may past oral discussions be relied upon to test the alleged modification, but the actions taken may demonstrate, objectively, the nature and extent of the modification. Moreover, apart from statute, a contract once made can be unmade, and a contractual prohibition against oral modification may itself be waived * * * Thus, section 15-301 nullifies only ‘executory’ oral modification. Once executed, the oral modification may be proved * * *
“Where there is partial performance of the oral modification sought to be enforced, the likelihood that false claims would go undetected is similarly diminished. Here, too, the court may consider not only past oral exchanges, but also the conduct of the parties. But only if the partial performance be unequivocally referable to the oral modification is the requirement of a writing under section 15-301 avoided * * *
“There is, however, another qualification to the mandates of section 15-301. Analytically distinct from the doctrine of partial performance, there is the principle of equitable estoppel. Once a party to a written agreement has induced another’s significant and substantial reliance upon an oral modification, the first party may be estopped from invoking the statute to bar proof of that oral modification * * * Comparable to the requirement that partial performance be unequivocally referable to the oral modification, so, too, conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written.”
The case just cited dealt with two parties to the original contract. The issue before this court is whether that rule changes when there is a new owner and whether this owner is bound by the conduct of the prior owner in his dealings with the tenant. In Tehan v Peters Print. Co. (71 AD2d 101), decided two years after the Rose case (supra), the Court phrased the issue as being (at 102): “Respondents, the new owners of a commercial building, served a notice of termination of a written lease on appellant, a tenant, when the rent which, under the lease, was to be paid on the first day of the month was not received on that date. Throughout the tenancy with the previous owner, appellant had been in the habit of paying the rent after the first of the month. Are the new owners, concededly *592 without actual knowledge of the waiver of strict compliance with this term of the lease by their predecessor, charged with constructive knowledge of it? We think not.” The Court went on to state (at 104-106):
“The question presented by appellant is a narrow one, i.e., are respondents, the new owners, charged with constructive knowledge of and, therefore, bound by, their predecessor’s waiver of strict compliance with the lease terms providing for rent payments on the first of the month. This is an issue not previously determined in New York. It is clearly the law of this State that a successor-in-interest to real property takes the premises subject to the conditions as to the tenancy, including any waiver of rights, that his predecessor in title has established if the successor-in-interest has notice of the existence of the leasehold and of the waiver * * * The key to the liability of the successor-in-interest is notice of the relevant lease provision or waiver thereof. Notice may be actual or constructive (Bank of New York v Hirschfield, supra). Possession of premises is constructive notice to a purchaser of the rights of possessor (Phelan v Brady, 119 NY 587). The precise issue raised by appellant is whether possession is also constructive notice of all conditions and waivers of the lease agreement which reasonable inquiry by the purchaser would reveal. The trial court determined there was no duty of inquiry on the part of the purchaser as successor-in-interest, except as to those conditions the existence of which might reasonably be indicated by an inspection of the premises. We agree * * *
“We observe initially that the general rule is stated more broadly than the facts of the cases cited warrant. In each of those cases cited immediately above there was an added element of actual notice to the purchaser of the waiver or constructive notice through the fact that the deviation from the lease provision in issue was readily apparent upon an inspection of the premises. Constructive notice only arises when a purchaser has knowledge of facts which would lead a reasonably prudent person to make inquiry * * * It is readily apparent that possession by a tenant is constructive notice of the terms of the lease agreement and the actual uses to which the property has been put. However, the duty to pay rent is a primary obligation of a tenant and it is not apparent from the mere existence of a leasehold interest that an agreement for the timely payment of rent has been waived. Indeed, such a waiver is in direct conflict with the terms of the lease. Where the lease itself provides when the rent is payable and no con *593 trary practice is indicated, a purchaser without actual notice should be able to rely upon the lease without further inquiry. The concept of waiver is linked to notice. There can be no waiver of a contractual right without notice; and, without some form of notice there is no duty to inquire whether a waiver exists.”
In Matter of Estate of Birnbaum v Yankee Whaler (75 AD2d 708, affd 51 NY2d 935), the Court cited the Tehan case (supra) with approval.
In the case at bar, there had been a waiver by the prior owner of strict adherence to the time for payment of rent. However, the new owner pursued its rights under the lease as soon as a breach occurred. The lower court held that “The lease was entered into between two commercial parties of equal bargaining strength * * * and that in the absence of fraud or overreaching, equitable relief should not be granted to the defaulting party.” Section 21.3 of the lease herein prohibits any change unless it is in writing. Section 21.2 of the lease provides that the landlord may accept a less than full payment of rent without prejudice to its rights to recover the balance due. As opposed to the case of Brook Shopping Ctrs. v Woolworth Co. (215 AD2d 620), where the landlord knew that tenant had been paying rent under the modification for 15-20 years, the landlord herein took possession at a time when tenant was not in default in rent and promptly rejected the first written notice of the requested modification. In addition, section 21.1 of the lease provided that should the landlord waive any breach of the provisions of the lease, it should not be construed to be a continuing waiver. Under the circumstances, appellant failed to demonstrate that there was an agreement, either express or implied, to have weekly or other forms of payment of the rent not called for under the lease. Consequently, the judgment appealed from should be affirmed.
Ingrassia, J. P., Floyd and Levitt, JJ., concur.