■ OLIM REALTY CORPORATION, Respondent, v BIG JOHN'S MOVING, INC., et al., Appellants. [673 NYS2d 439] —In an action to recover rent due pursuant to a lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 3, 1997, as granted that branch of the plaintiff's cross motion which was for partial summary judgment on the issue of liability on the first, second, third, fourth, and eighth causes of action in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 1993, the plaintiff landlord entered into a five-year commercial lease with the defendant tenant Big John's Moving, Inc. The undisputed evidence in the record establishes that the tenant failed to make the required monthly rental payments beginning in January 1995 and abandoned the premises in March 1995. Pursuant to the express provisions of the lease, the landlord was therefore entitled to accelerate the rent due for the remainder of the lease and to recover attorney's fees and late charges (*see, Holy Props. v Cole Prods.*, 87 NY2d 130; *GAB Mgt. v Blumberg*, 226 AD2d 499; *Lexington Ave. & 42nd St. Corp. v Pepper*, 221 AD2d 273).

The tenant's contention that its obligation to pay rent terminated when the landlord changed the locks to the premises in March 1996 is without merit as the lease provided that the landlord was permitted to reenter the premises upon the tenant's default and that the tenant's liability for rent would survive such reentry (*see, Holy Props. v Cole Prods., supra; Lexington Ave. & 42nd St. Corp. v Pepper, supra*). Accordingly, the plaintiff was entitled to partial summary judgment on the issue of liability on the first, second, third, fourth, and eighth causes of action in the complaint. Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.