■ NICHOLAS J. VERBITSKY et al., Respondents, v GEORGE LAMBORN, Appellant. [703 NYS2d 143] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered May 24, 1999, which, *inter alia*, awarded plaintiffs damages in the principal amount of $36,230.90 after a nonjury trial in an action for breach of a cooperative apartment sublease, unanimously affirmed, with costs.

A fair interpretation of the evidence supports the trial court's findings that plaintiff adequately investigated and remedied the electrical problems in the apartment, and that such

problems were not such as to constitute either a breach of the warranty of habitability (*see, Park W. Mgt. Corp. v Mitchell*, 47 NY2d, 316, 327-328, *cert denied* 444 US 992) or a constructive eviction (*see, Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83). Nor was payment of rent excused by reason of any "lock-out", the record showing that plaintiffs changed the locks after defendant and his family had already moved out (*see, Olim Realty Corp. v Big John's Moving*, 250 AD2d 744; *Nieves v 331 E. 109th St. Corp.*, 112 AD2d 59, 61). Defendant's wife's claim for certain items of personal property allegedly left behind in the apartment was properly rejected on the ground that the items in question were not among those included in a pretrial specification of items left behind. We also note defendant's wife's admission that she had been allowed access to the apartment to retrieve other items left behind. Concur—Williams, J. P., Tom, Saxe and Friedman, JJ.