■ GRENADEIR PARKING CORP., Appellant-Respondent, v LANDMARK ASSOCIATES, Respondent-Appellant. [743 NYS2d 95] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered December 21, 2001, which, to the extent appealed and cross-appealed from as limited by the briefs, denied plaintiff's motion for an injunction pending arbitration proceedings but granted plaintiff's motion for a *Yellowstone* injunction, unanimously modified, on the law, to deny the motion for and vacate the award of *Yellowstone* relief, and otherwise affirmed, without costs. Order, same court and Justice, entered January 4, 2002, which, to the extent appealed from, reaffirmed the grant of summary judgment in favor of defendant declaring that plaintiff is in breach of the parties' lease, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered respectively on or about March 29, 2001 and on September 7, 2001, which, to the extent appealed from as limited by plaintiff's brief, granted defendant's motion for summary judgment declaring that plaintiff breached the parties' lease, and, upon the grant of reargument, adhered to that determination, unanimously dismissed, without costs, as superseded by the appeal from the order entered January 4, 2002.

The court properly determined that plaintiff breached the subject lease since plaintiff admitted that it failed to maintain the records required by the lease for the contractually mandated time period. Contrary to plaintiff's contention, a percentage payment requirement such as the one in its lease with defendant is an integral part of a lease agreement and plaintiff's breach of that provision was material (*see*, *S.E. Nichols, Inc. v American Shopping Ctrs.*, 130 AD2d 855, *lv dismissed* 70 NY2d 871). Also without merit is plaintiff's contention that termination was a remedy unavailable to defendant under paragraph 17 of the lease.

The motion court properly concluded that plaintiff waived its right to arbitration by waiting more than two years after withdrawing its initial arbitration demand and more than three years after the action was commenced before renewing its demand for arbitration, and by actively participating in litigation over the profit-sharing provisions of the lease (*see*, *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272).

The court's grant of plaintiff's motion for *Yellowstone* relief

was in error since plaintiff failed to establish that it was prepared and able to cure the defaults alleged in defendant's notice to cure by any means short of vacating the premises (*see,* *225 E. 36th Garage Corp. v 221 E. 36th Owners Corp.,* 211 AD2d 420, 421). Although plaintiff contends, and the court apparently agreed, that the defaults alleged in the notice to cure pertained to plaintiff's second action, commenced in 2001, and, therefore, to the failure to produce documents from 1995 to the present, and that plaintiff might be able to cure such defects, defendant's allegations relating to the failure to produce documents were not specific by date and viewing the attendant circumstances (*see, Hughes v Lenox Hill Hosp.,* 226 AD2d 4, 12, *lv denied in part and dismissed in part* 90 NY2d 829), including an order of this Court finding that defendant's prior motion for leave to plead a counterclaim for ejectment could not lie until a notice to cure was served, defendant's subsequent service of a notice to cure was clearly premised upon plaintiff's cumulative failure to maintain and produce the financial records whose disclosure was required pursuant to the parties' lease agreement, which failure plaintiff has conceded is not curable. Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.