*529 Order, Supreme Court, New York County (Michael Stallman, J.), entered on or about March 31, 2009, which denied plaintiffs’ application for a preliminary injunction enjoining defendant from terminating a commercial lease and for a temporary restraining order tolling the applicable cure period, unanimously affirmed, without costs.
The motion court found, after a hearing, that plaintiffs had not previously and continuously maintained insurance coverage as required by their commercial lease. This violation was a material breach of the lease (see C & N Camera & Elecs. v Farmore Realty, 178 AD2d 310, 311 [1991]) and, in these circumstances, an incurable violation that is an independent basis for the denial of Yellowstone relief (see Grenadeir Parking Corp. v Landmark Assoc., 294 AD2d 313, 314 [2002], lv denied 99 NY2d 553 [2002]; Zona, Inc. v Soho Centrale, 270 AD2d 12, 14 [2000]). Plaintiffs’ attempt to demonstrate their ability and readiness to cure the alleged violation by procuring, during the cure period, insurance coverage prospectively for the remaining 10 months of their lease term is unavailing, as such policy does not protect defendant against the unknown universe of any claims arising during the period of no insurance coverage.
We have considered plaintiffs’ remaining arguments and, in light of our determination that the failure to maintain insurance coverage was an incurable violation, need not address them. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.