# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**242**
**CA 14-01453**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

MEDLOCK CROSSING SHOPPING CENTER DULUTH, GA.
LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

KITCHEN & BATH STUDIO, INC., STEVE LINDSTROM AND
NANCY LINDSTROM, DEFENDANTS-APPELLANTS.

---

LEMERY GREISLER LLC, ALBANY (PAUL A. LEVINE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (BRIAN LAUDADIO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a corrected order of the Supreme Court, Monroe County
(J. Scott Odorisi, J.), entered May 29, 2014 in a breach of contract
action. The corrected order, inter alia, granted that part of
plaintiff's motion seeking summary judgment on the complaint.

It is hereby ORDERED that the corrected order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
breach of its commercial lease agreement with defendant Kitchen & Bath
Studio, Inc. (KBS) and enforcement of the lease guarantee executed by
the individual defendants. Contrary to the contention of defendants,
we conclude that Supreme Court properly granted that part of
plaintiff's motion for summary judgment on the complaint, and awarded
plaintiff damages. "When interpreting language in a commercial lease,
we apply our well-established precedent concerning the construction of
commercial contracts, where we have explained that when parties set
down their agreement in a clear, complete document, their writing
should . . . be enforced according to its terms . . . This principle
is particularly important in the context of real property
transactions, where commercial certainty is a paramount concern, and
where . . . the instrument was negotiated between sophisticated,
counseled business people negotiating at arm's length" (*Madison Ave.
Leasehold, LLC v Madison Bentley Assoc. LLC*, 8 NY3d 59, 66, *rearg
denied* 8 NY3d 867 [internal quotation marks omitted]). Thus,
"[c]ourts will give effect to the contract's language and the parties
must live with the consequences of their agreement. If they are
dissatisfied . . . , the time to say so [is] at the bargaining table"
(*Eujoy Realty Corp. v Van Wagner Communications, LLC*, 22 NY3d 413, 424
[internal quotation marks omitted]). Here, we conclude that plaintiff

established its entitlement to judgment as a matter of law based on defendants' breach of the lease and guaranty, and defendants failed to raise an issue of fact with respect to the affirmative defense of surrender and acceptance (*see Trahwen, LLC v Ming 99 Cent City #7, Inc.*, 106 AD3d 1467, 1467, *lv dismissed* 21 NY3d 1066; *Barr v County Motor Car Group*, 221 AD2d 1003, 1003-1004, *lv dismissed* 88 NY2d 919; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The lease agreement obligated KBS to pay minimum rent in the amount of $5,625 per month "without any prior demand therefor," as well as "additional rent" as set forth in the lease. It is well settled that "[a] covenant to pay rent at a specified time . . . is an essential part of the bargain as it represents the consideration to be received for permitting the tenant to remain in possession of the property of the landlord" (*Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 578, *rearg denied* 47 NY2d 801; *see Matter of Birnbaum v Yankee Whaler*, 75 AD2d 708, 709, *affd* 51 NY2d 935). In this case, it is undisputed that KBS failed to pay the full amount of rent due under the lease from March 2009 to September 2010, and that it ceased to make any payments under the lease after September 2010. Plaintiff therefore met its burden of establishing that KBS breached a material term of the lease (*see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 534-535; *Fifty States Mgt. Corp.*, 46 NY2d at 575). Although we agree with defendants that there is an issue of fact whether they abandoned the leased premises, defendants breached the lease by failing to pay rent irrespective of whether they also breached the lease by abandoning the leased premises or ceasing to operate their business, as required by the lease.

Defendants further contend that plaintiff terminated the lease when it locked KBS out of the leased premises, thereby relieving KBS of the obligation to pay rent. We reject that contention. As a "general principle[,] . . . where a tenant removes from premises . . . , the conventional relationship of landlord and tenant ceases and the landlord may not recover from the tenant, *as rent*, subsequent installments thereof for which the lease provides" (*International Publs. v Matchabelli*, 260 NY 451, 453-454, *rearg denied* 261 NY 622). That principle, however, "do[es] not prevent [the] landlord and tenant from contracting as they please, even in respect to periods subsequent to . . . the termination of the relationship of landlord and tenant" (*id.* at 454; *see Hermitage Co. v Levine*, 248 NY 333, 337; *Mann v Munch Brewery*, 225 NY 189, 194) and, here, the plain language of the lease provides that KBS's obligation to pay rent survives plaintiff's reentry to the premises upon KBS's default (*see Olim Realty Corp. v Big John's Moving*, 250 AD2d 744, 744; *see also 172 Van Duzer Realty Corp.*, 24 NY3d at 534; *Fifty States Mgt. Corp.*, 46 NY2d at 579).

Finally, defendants contend that, because the court found that there is a question of fact with respect to their counterclaim for conversion, the court likewise should have found that there is a question of fact with respect to the complaint inasmuch as the counterclaim and complaint arise from the same facts and there thus may be "inconsistent judgments on the very same case." We reject that contention. "Conversion is the 'unauthorized assumption and exercise of the right of ownership over goods belonging to another to the

exclusion of the owner's rights' " (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex*., 87 NY2d 36, 44).  "A landlord has no absolute right to retain . . . personal property belonging to a tenant.  Even where a tenant is legally dispossessed, the landlord's rights extend only to the real property.  [The landlord] acquires no concomitant right to use or retain the tenant's personal property" (*Glass v Wiener*, 104 AD2d 967, 968).  Here, plaintiff asserts that KBS failed to remove its personal property after notice to do so, thereby abandoning any claim to the property.  KBS, however, asserts that it attempted to gain access to its property, but that plaintiff failed to grant the necessary access.  The parties' conflicting accounts of their conduct after the lockout presents an issue of fact on defendants' counterclaim, but is wholly irrelevant to plaintiff's breach of contract cause of action for unpaid rent (*see generally Glass*, 104 AD2d at 968-969).  Thus, there is no danger of inconsistent judgments.

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court