Long Is. Airline, LLC v Town of E. Hampton (2023 NY Slip Op 04973)

Long Is. Airline, LLC v Town of E. Hampton

2023 NY Slip Op 04973

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-03130
 (Index No. 618836/21)

[*1]Long Island Airline, LLC, appellant,
v
Town of East Hampton, respondent.

Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY (Robert P. Lynn, Jr., John W. Dunne, and Christopher A. Renke of counsel), for appellant.
Rigano, LLC, Melville, NY (Nicholas C. Rigano and James P. Rigano of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 19, 2022. The order denied the plaintiff's motion for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is affirmed, with costs.
In 1997, the plaintiff entered into an agreement with the defendant to lease an airport hangar in the East Hampton Airport Industrial Park for a period of 20 years. In 2016, the plaintiff exercised an option to renew the lease for a period of 10 years. In 2021, the defendant served the plaintiff with a notice to cure, alleging that the plaintiff was in default of the lease agreement. The defendant alleged, inter alia, that the plaintiff breached a provision in the lease agreement requiring the plaintiff to periodically submit a sample from the septic system for the premises to a qualified environmental testing laboratory.
In October 2021, the plaintiff commenced this action, inter alia, for a judgment declaring that it was not in default of the lease agreement. Thereafter, the plaintiff moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). In an order dated April 19, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 829, 831 [internal quotation marks omitted]; see Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC, 213 AD3d 962, 962). Here, the plaintiff failed to establish its ability to cure the alleged breach, as the plaintiff could not now submit samples from previous years (see Grenadeir Parking Corp. v Landmark Assoc., 294 AD2d 313, 314; Zona, Inc. v Soho Centrale, 270 AD2d 12, 14).
Contrary to the plaintiff's contention, the defendant did not waive compliance with the provision of the lease agreement requiring the plaintiff to submit samples from the septic system by accepting rent without objecting to the plaintiff's failure to comply with that provision, as the lease agreement contained a clear and unambiguous "no-waiver" clause (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446; La Lanterna, Inc. v Fareri Enters., Inc., 37 AD3d 420, 423; Excel Graphics Tech v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69-70; Renali Realty Group 3 v Robbins MBW Corp., 259 AD2d 682, 683).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion for a Yellowstone injunction.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court