Bertault v Jotas Corp. (2025 NY Slip Op 06841)

Bertault v Jotas Corp.

2025 NY Slip Op 06841

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-02044
 (Index No. 601169/22)

[*1]Vincent Bertault, appellant, 
v
Jotas Corp., respondent.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Kathryn M. Dalli of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (James C. Hudson, J.), entered February 21, 2024. The judgment, insofar as appealed from, upon a decision of the same court dated December 20, 2023, is in favor of the defendant and against the plaintiff awarding the defendant attorneys' fees in the sum of $159,459.13 and the value of use and occupancy of certain premises in the sum of $39,009.55.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, as tenant, and the defendant, as landlord, are parties to a commercial lease agreement related to certain premises located in Suffolk County. After the defendant served the plaintiff with a notice terminating the lease, the plaintiff commenced this action, inter alia, for injunctive relief. The defendant interposed an answer asserting, among other things, a counterclaim for ejectment and seeking an award of attorneys' fees and "such other and further relief as to this Court seems just and proper."
After the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint and on its counterclaim for ejectment (see Bertault v Jotas Corp., _____ AD3d _____ [Appellate Div. Docket No. 2023-02180; decided herewith]), the parties agreed to the court's determination of the issues of attorneys' fees and the value of use and occupancy of the premises upon written submissions. The court thereafter entered a judgment, upon a decision dated December 20, 2023, inter alia, in favor of the defendant and against the plaintiff awarding the defendant attorneys' fees in the sum of $159,459.13 and the value of use and occupancy of the premises in the sum of $39,009.55. The plaintiff appeals.
The Supreme Court properly awarded the defendant the value of use and occupancy of the premises in accordance with the lease agreement. Contrary to the plaintiff's contention, the defendant's refusal to accept regular rent payments in a lesser amount than it claimed to be owed after its termination of the lease did not constitute a waiver of its right to the value of use and occupancy under the lease agreement (see generally Golfo v Kycia Assoc., Inc., 45 AD3d 531, 532). [*2]Furthermore, the lease agreement contained a clear and unambiguous "no-waiver" clause (see Long Is. Airline, LLC v Town of E. Hampton, 220 AD3d 664, 665).
"'An award of attorney's fees, whether pursuant to agreement or statute, must be reasonable and not excessive'" (Board of Mgrs. of Oceanview Condominium v Riccardi, 229 AD3d 595, 600, quoting Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1004). "The determination of reasonable attorney's fees is generally left to the discretion of the trial court, which is often in the best position to determine those factors integral to the fixing of a reasonable fee" (Diggs v Oscar De La Renta, LLC, 169 AD3d at 1005). "Although the amount of the award is a matter within the discretion of the Supreme Court, in seeking an award of attorneys' fees, an attorney must submit documentation showing the legal services performed, such as time records or a breakdown of services, and the time spent on each service" (A.K. v T. K., 150 AD3d 1091, 1094).
Here, in support of the application for attorneys' fees, the defendant submitted documentation showing the legal services performed by its prior and current counsel. Furthermore, the Supreme Court providently exercised its discretion in determining a reasonable amount of attorneys' fees and costs (see Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1036).
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the judgment insofar as appealed from.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court