■ P. J. Carlin Construction Company, Respondent, v City of New York, Appellant.—Judgment, Supreme Court, New York County, entered on December 22, 1976, granting plaintiff's motion for partial summary judgment, unanimously reversed, on the law, and the motion denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal.

Plaintiff entered into an agreement with the defendant to perform the general construction work for the Academic and Science Building of New York City Community College. Paragraph 1A(e) thereof provides for liquidated damages of $10 per cubic yard for understrength concrete. The defendant claims that 1,904 cubic yards of the concrete were understrength and, in accordance with paragraph 1A(e), it withheld $19,040 allegedly due plaintiff under the agreement. Plaintiff does not contest the fact that certain portions of the concrete were understrength. However, it contends that the building is structurally safe and can be presently used for its intended purpose. Generally, where a contract contains a liquidated damages clause, the party seeking to repudiate that clause must show that the agreed damage is so exorbitant as to be in the nature of a penalty. (*Knoblauch v Little Falls Dairy Co.,* 241 App Div 910.) In this proceeding, plaintiff's principal has submitted a self-serving affidavit declaring that the defendant has not been damaged. This affidavit, standing alone, does not probatively establish that the defendant has not been damaged. Moreover, it is insufficient to overcome the contention of defendant's senior civil engineer that the city has been actually damaged because the future use of the building has been structurally limited by the understrength concrete. Thus, a trial is necessary to determine the factual question of whether the defendant has sustained actual or merely nominal damages. If actual damages have been sustained, a collateral question is presented as to whether the liquidated damages clause must be denied enforcement because it constitutes a penalty. Concur—Murphy, P. J., Birns, Evans and Capozzoli, JJ.