■ EMPIRE BLUE CROSS AND BLUE SHIELD, Appellant, v VARIOUS UNDERWRITERS AT LLOYD'S, LONDON, ENGLAND, SUBSCRIBING TO POLICY No. 529/LB01053A96000, et al., Respondents. [767 NYS2d 432]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 20, 2002, which, to the extent appealed from, granted defendants' motion to dismiss the second cause of action for breach of contract, unanimously affirmed, with costs.

Plaintiff filed suit against various underwriters (Lloyd's), after its claim for losses arising from employee theft was denied for, inter alia, failure to file a timely notice of claim as well as timely proof of loss, and failure to cooperate. The IAS court dismissed the lawsuit because it was not filed within the time period recited in the insurance policy for commencement (i.e., two years from the date of discovery of the loss). Plaintiff argued that it was lulled into not filing suit earlier by Lloyd's conduct in refraining from sending out a disclaimer until after the time for suit had run.

At the outset, we note that there is evidence of bad faith by Lloyd's, since two of the grounds for disclaimer—lack of timely notice of claim and lack of timely proof of loss—were known to it long before the disclaimer letter was issued. However, plaintiff has not demonstrated the existence of any conduct, passive or

active, by Lloyd's that could reasonably be construed as having duped plaintiff into refraining from initiating a lawsuit. In this regard, we note that plaintiff waited seven months after the disclaimer was sent before it commenced this lawsuit. More important, plaintiff, also an insurance company, has failed to show that there were any communications that would have suggested that upon the conclusion of the investigation the claim would be paid, or even that Lloyd's had requested plaintiff to refrain from commencing a lawsuit pending an investigation. Thus, there is no showing of detrimental reliance, a necessary element of estoppel (*see Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820, 823 [1985]). Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.