■ HUNTS POINT MULTI-SERVICE CENTER, INC., Respondent-Appellant, v TERRA FIRMA CONSTRUCTION MANAGEMENT & GENERAL CONTRACTING, LLC, Appellant-Respondent. (And Another Action.) [773 NYS2d 48]—

Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered on or about September 3, 2003, to the extent it denied defendant contractor's motion for summary judgment dismissing the complaint, and granted plaintiff owner's cross motion for summary judgment awarding it liquidated damages, unanimously modified, on the law and the facts, to increase the total award of damages to $362,419, and otherwise affirmed, without costs. Defendant's appeal from that portion of said order that purportedly denied its motion for summary judgment on its first counterclaim unanimously dismissed, without costs.

In this action for breach of contract seeking liquidated delay

damages, the motion court properly found that the contractor had failed to carry its burden (see *P.J. Carlin Constr. Co. v City of New York*, 59 AD2d 847 [1977]) of demonstrating that the stipulated amounts were unreasonable and, thus, unenforceable as penalties (see *Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 423-426 [1977]; *X.L.O. Concrete Corp. v John T. Brady & Co.*, 104 AD2d 181, 183-186 [1984], *affd* 66 NY2d 970 [1985]). Contrary to the contractor's contention, the claimed lack of discovery provided no basis to forestall summary judgment.

In view of the contractor's undisputed failure to comply with contractual procedures for seeking extensions of time and documenting delays, the motion court properly precluded it from claiming that it was not the cause of the delays in completion of the contracts. In any event, we note that the executive's affidavit it submitted, asserting that delays were occasioned by cumbersome administrative procedures, was not based on firsthand knowledge with respect to the claimed conduct of the subcontractors at the work site.

The owner's delay claims were not waived or contradicted by binding admissions, and it was not estopped from asserting such claims. The architect's certificates and the owner's comptroller's affidavits do not constitute sworn testimony that would warrant the rejection of later-executed affidavits prepared for litigation, and the architect's deposition did not clearly contradict the owner's position here (see *Meyer v Moreno*, 258 AD2d 315 [1999]). The architect was not required to closely inspect the work before certifying that it had been performed properly, and the provision that issuance of his certificate "shall not constitute acceptance of work not in accordance with contractual documentation" was effective to specifically bar the contractor's defense (see generally *Excel Graphics Tech. v CFG/ AGSCB 75 Ninth Ave.*, 1 AD3d 65 [2003]). It is therefore unnecessary to determine whether the general nonwaiver clause in the contracts was effective for such purpose or whether the architect and comptroller had authority to waive the owner's claims. In view of the recognized purpose of the certificates and affidavits, to obtain financing from a lender, the contractor cannot claim the detrimental reliance essential to its estoppel claim (see e.g. *Empire Blue Cross & Blue Shield v Various Underwriters at Lloyd's*, 1 AD3d 291, 292 [2003]).

We find that the motion court miscalculated the amount of damages under the first contract. The delay commenced on March 30, 1999, rather than the 20th, and ended with the obtaining of a certificate of substantial completion 462 days

later. Contrary to the contractor's contention, both a temporary certificate of occupancy and an architect's certificate of completion were required for "substantial completion" of the contract for the basement and the first two floors. Accordingly, the amount of damages under this contract should have been $428,250. On the second contract, the motion court should have awarded the owner "five hundred" dollars for each day of delay beyond the first 45, as written out in words, rather than "$300" as set forth in the second contract; the owner's position on this issue is not disputed on appeal. Accordingly, the amount of damages under this contract should have been $102,200.

We note that the contractor prevailed on its motion for summary judgment on its counterclaim, the motion court setting off the $168,031 owed it from the award to the owner. It is therefore not aggrieved, and we accordingly dismiss its appeal from that portion of the order.

Under the circumstances, we decline to search the record to award the owner summary judgment on its claim for defective work.

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.