=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 228
172 Van Duzer Realty Corp.,
           Respondent,
       v.
Globe Alumni Student Assistance
Association, Inc., et al.,
           Appellants.

Linda M. Brown, for appellants.
Noah B. Potter, for respondent.

RIVERA, J.:

This appeal involves a dispute over future rental payments sought under an acceleration clause from an out-of-possession tenant after termination of the leasehold agreement. The Appellate Division affirmed an order of Supreme Court which

- 1 -

granted the landowner plaintiff summary judgment on the issue of liability, and affirmed a judgment for damages in accordance with the parties' stipulation.  We conclude that the acceleration clause is not per se invalid merely because the landowner terminated the lease and the tenant is no longer in possession. However, defendants should have been permitted to present evidence in support of their contention that the undiscounted acceleration of all future rents constitutes an unlawful penalty. Therefore, we remit for a hearing, limited to that issue.

Real property owner, plaintiff 172 Van Duzer ("Van Duzer"), and tenant, defendant Globe Alumni Student Assistance Association ("Association"), entered into a one-year commercial rental lease agreement.  The lease provided that defendant Globe Institute of Technology ("Globe") would use the property as a dormitory for Globe's for-profit educational institution. Prior to the end of the one-year term, Van Duzer and the Association extended the lease for a nine-year period, and Globe signed a guarantee that it would be jointly and severally liable for the Association's obligations under the lease.  Van Duzer and the Association also executed a Student Dormitory Restrictive Declaration ("Declaration") with the New York City Department of Buildings indicating, among other things, that the premises would be used solely as a student dormitory.

Several months after executing the lease extension, Van Duzer sent the Association a notice to cure for failure to

maintain the premises in good order, citing several violations issued by the New York City Environmental Control Board, and demanding action be taken within a month's time.  The Association failed to cure, and instead vacated the premises and ceased paying rent as of February 2008.  Van Duzer terminated the lease, effective March 28, 2008, with notice to the Association, and commenced an action to recover possession and past due rent.  In August 2008, Civil Court awarded Van Duzer possession of the premises with a zero dollar money judgment.

In September 2009, Van Duzer commenced the present action against defendants for rent arrears and an amount equal to the future remaining rent owed on the lease.  Van Duzer thereafter moved for summary judgment based on an acceleration clause in the leasehold agreement which provides that upon the tenant's default the landowner may terminate the lease, repossess the premises, and "shall be entitled to recover, as liquidated damages a sum of money equal to the total of ... the balance of the rent for the remainder of the term ...."  The provision also states that "[i]n the event of Lease termination Tenant shall continue to be obligated to pay rent and additional rent for the entire Term as though th[e] Lease had not been terminated."[1]

---

[1]The parties concede that this provision permits the landowner to demand immediate payment of all future rent outstanding under the lease, rather than a right to payment as the rent becomes due.  We, therefore, treat the clause as requiring rent to be paid in one lump payment, rather than in monthly installments, as would otherwise be required by the

Defendants objected to summary judgment, contending Van Duzer could not collect under the acceleration clause once it terminated the lease and retook possession of the property. Defendants also asserted that res judicata barred Van Duzer's damages claims because it could have obtained damages in the prior Civil Court action. Alternatively, defendants requested discovery in order to establish the lack of proportionality between Van Duzer's claimed damages and probable loss. Van Duzer counter argued that it had difficulty finding new tenants because the premises was subject to the Declaration's student dormitory-use limitation. With regards to the res judicata claim, Van Duzer alleged that Civil Court lacked jurisdiction to award damages based on the acceleration clause.

Supreme Court granted Van Duzer summary judgment on liability, finding the parties had clearly agreed that upon termination of the lease the Association would be liable for rent, and referred the matter to a Special Referee to determine damages. The court denied defendants' request for discovery, concluding that under New York law the landowner was entitled to collect full rent due under the lease with no obligation or duty to relet, or attempt to relet, the abandoned premises in order to minimize damages. Thereafter, upon the parties' stipulation, the court entered judgment for Van Duzer in the amount of $1,488,604.66, consisting of the rent remaining due under the

lease.

lease, reduced by the amount of rent Van Duzer was able to collect by reletting the premises between August 2008 until February 2011, plus interest.

The First Department affirmed, concluding Van Duzer made a prima facie showing of entitlement to accelerated rent under the terms of the lease, and defendants failed to raise a triable issue of fact as to whether the liquidated damages constituted an unenforceable penalty. The court also rejected defendants' res judicata claim finding such damages were unavailable in the Civil Court summary proceeding.

On appeal to us, defendants reassert their res judicata argument and their challenges to the validity of the acceleration clause, claiming what amounts to a per se rule barring accelerated rent as damages when the landowner holds rightful possession of the property. We conclude that defendants arguments are unpersuasive except for their contention that they were entitled to a hearing on their claim that the acceleration clause constitutes a penalty.

As an initial matter, we reject defendants' res judicata argument because the Civil Court was without authority to address a claim for the balance of rent due under the acceleration clause in Van Duzer's holdover proceeding (New York City Civ. Ct. Act § 204; see also Ross Realty v V&A Fabricators, Inc., 42 AD3d 246 [2d Dept 2013]; Marketplace v Smith, 181 Misc2d 440, 442-443 [Justice Ct, Monroe Cty, 1999]). Thus, Van Duzer

was not barred from pursuing damages for defendants' breach.

Turning to defendants other arguments, defendants claim that Van Duzer is barred from collecting unpaid future rents pursuant to the acceleration clause because under this Court's decision in Fifty States Management Corp v Pioneer Auto Parks, Inc. (46 NY2d 573 [1979]), a landowner cannot claim accelerated rental payments when the landlord terminates the lease and retakes possession. Defendants' reliance on Fifty States is misplaced because the acceleration clause in that case was "intended to secure the tenant's obligation to" pay rent in the context of an ongoing leasehold, and the clause set the damages for a breach of that obligation (Fifty States Management Corp., 46 NY2d at 578).  The Court concluded that a lease term providing for accelerated rent upon a tenant's default in rent payment, as a condition of the tenant's continued possession of the property, is enforceable absent a claim of "fraud, exploitative overreaching or unconscionable conduct" (id. at 577).  Here, defendants do not argue that they want to be put back in possession.  Moreover, Van Duzer sought damages in accordance with the acceleration clause after terminating the lease, once defendants defaulted and breached their leasehold obligations to maintain the property and pay rent.  Thus, unlike the landowner in Fifty States, Van Duzer is not seeking to deploy the acceleration clause in the course of a continuing leasehold for purposes of ensuring the tenant's compliance with a material

provision of the lease.

Nor can defendants challenge the validity of the acceleration clause based on this Court's recognition in Fifty States that, "where a lease provides for acceleration as a result of a breach of any of its terms, however trivial or inconsequential, such a provision is likely to be considered an unconscionable penalty and will not be enforced by a court of equity" (Id. at 577; see also Seidlitz v Auerbach, 230 NY 167, 173 [1920] [holding a lease provision providing for forfeiture of tenant's $7,500 deposit for breach of any one of several covenants of varying importance an unenforceable penalty]; 884 West End Ave. Corp. v Pearlman, 201 AD 12 [1st Dept. 1922] [holding a lease provision which entitled the landlord to accelerated rent for any one of a number of trivial breaches an unenforceable penalty], affd. 234 NY 589).  That rule addresses, in part, the inequities of damages disproportionate to the losses incurred as a result of a tenant's collateral or minor breach (Fifty States Management Corp., 46 NY2d at 577-578).  That rule continues in force, but is inapplicable to defendants, who committed material breaches of the lease by ceasing all rental payments as of February 2008 and simultaneously abandoning the premises.

To the extent defendants suggest that a landowner should be subject to a duty to mitigate, we previously rejected this argument in Holy Properties Ltd., L.P. v Kenneth Cole (87

NY2d 130 [1995]).  In that case the Court stated that once a tenant abandons the property prior to expiration of the lease, a "landlord was within its rights under New York law to do nothing and collect the full rent due under the lease" (Id. at 134, citing Becar v Flues, 64 NY 518 [1876], and Underhill v Collins, 132 NY 269 [1892], and Matter of Hevenor, 144 NY 271 [1926]). The Court adhered to this established approach, and stated that parties in business transactions depend on the certainty of settled rules, "in real property more than any other area of the law, where established precedents are not lightly to be set aside" (Holy Properties Ltd., 87 NY2d at 134).  We see no reason to reverse course in defendants' case.  In particular where, as in Holy Properties, the parties here freely agreed to bind defendants to pay rent after termination of the landlord-tenant relationship (Id. at 134, citing International Publs. v Matchabelli, 260 NY 451, 454 [1933], and Mann v Munch Brewery, 225 NY 189, 194 [1919], and Hall v Gould, 13 NY 127, 133-134 [1855]).

Defendants argue, in the alternative, that the liquidated damages as future rent provided for under the acceleration clause are grossly disproportionate to Van Duzer's actual losses, and therefore constitute an unenforceable penalty. Defendants are correct that an acceleration clause is subject to judicial scrutiny based on a challenge that it is nothing more than a means by which to exact a penalty otherwise proscribed by

the law.

As a general matter parties are free to agree to a
liquidated damages clause "provided that the clause is neither
unconscionable nor contrary to public policy" (Truck Rent-A-
Center, 41 NY2d 420, 424 [1977], citing Mosler Safe Co. v Maiden
Lane Safe Deposit Co, 199 NY 479, 485 [1910]).  Liquidated
damages that constitute a penalty, however, violate public
policy, and are unenforceable (Truck Rent-A-Center, 41 NY2d at
424, citing City of Rye v Public Serv. Mut. Ins. Co, 34 NY2d 470,
472 [1974]).  A provision which requires damages "grossly
disproportionate to the amount of actual damages provides for a
penalty and is unenforceable" (Truck Rent-A-Center, 41 NY2d at
424).

Whether a provision in an agreement is "an enforceable
liquidation of damages or an unenforceable penalty is a question
of law, giving due consideration to the nature of the contract
and the circumstances" (JMD Holding Corp. v Cong. Fin. Corp., 4
NY3d 373, 379 [2005], citing Mosler Safe Co., 199 NY at 485;
Leasing Serv. Corp. v Justice, 673 F2d 70, 74 [2d Cir 1982]).
"The burden is on the party seeking to avoid liquidated damages[]
to show that the stated liquidated damages are, in fact a
penalty" (JMD Holding Corp., 4 NY3d at 380, citing P.J. Carlin
Constr. Co. v City of New York, 59 AD2d 847 [1st Dept 1977];
Wechsler v Hunt Health Sys., 330 F Supp 2d 383, 413 [SD NY
2004]).  Where a party establishes a penalty, the proper recovery

is the amount of actual damages established by the party (JMD Holding Corp., 4 NY at 380 ["'If the [liquidated damages] clause is rejected as being a penalty, the recovery is limited to actual damages proven'"], quoting Brecher v Laikin, 430 F Supp 103, 106 [SD NY 1977]).

Defendants claim that because the acceleration clause permits Van Duzer to hold possession *and* immediately collect all rent due, the damages are grossly disproportionate to the landowner's actual damages.  They contend this is a windfall that allows Van Duzer to double dip--get the full rent now and hold the property.  On its face this argument is compelling because arguably the ability to obtain all future rent due in one lump sum, undiscounted to present-day value, and also enjoy uninterrupted possession of the property provides the landowner with more than the compensation attendant to the losses flowing from the breach--even though such compensation is the recognized purpose of a liquidated damages provision (Truck Rent-A-Center, 41 NY2d at 423; see JMD Holding Corp., 4 N.Y.3d at 382; Benderson v Poss, 142 AD2d 937, 938 [4th Dept. 1988]; Gotlieb v Taco Bell Corp., 871 F Supp 147, 155 [ED NY 1994]).  Although the acceleration clause in Fifty States was held enforceable, that case is distinguishable from the instant case because there the landlord did not get to keep the property.

On the record before us it appears that the court below limited the damages hearing before the Special Referee to whether

the landowner relet the premises.  This was error.  Defendants should have had the opportunity to present evidence that the undiscounted accelerated rent amount is disproportionate to Van Duzer's actual losses, notwithstanding that the landowner had possession, and no obligation to mitigate.

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order modified, without costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.  Opinion by Judge Rivera.  Chief Judge Lippman and Judges Read, Smith and Pigott concur.  Judge Abdus-Salaam dissents and votes to affirm for reasons stated in the memorandum at the Appellate Division (102 AD3d 543 [2013]).

Decided December 18, 2014