Victoria's Secret Stores, LLC v Herald Sq. Owner LLC (2022 NY Slip Op 07529)

Victoria's Secret Stores, LLC v Herald Sq. Owner LLC

2022 NY Slip Op 07529

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 651833/20 Appeal No. 17004-17005 Case No. 2022-00195, 2022-00196 

[*1]Victoria's Secret Stores, LLC etc., et al., Plaintiffs-Appellants,
v
Herald Square Owner LLC, etc., Defendant-Respondent. Retail Litigation Center Inc., Amicus curiae. 

Davidoff Hutcher & Citron LLP, New York (Matthew R. Yoggl of counsel and Goldstein & Russell, P.C., Behesda, MD (Kevin K. Russell of the bar of the State of Maryland, admitted pro hac vice, of counsel), for appellants.
Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for respondent.
Friedman Kaplan Seiler & Adelman LLP, New York (Stan Chiueh of counsel), for amicus curiae.

Judgment, Supreme Court, New York County (Andrew S. Borrok, J.), entered August 6, 2021, awarding defendant damages unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 23, 2021, which granted defendant's motion for summary judgment on its counterclaims seeking holdover damages from September 2020 through February 2021, unanimously affirmed, without costs. Order and partial judgment, same court and Justice, entered May 9, 2022, which, inter alia, awarded defendant $2,458,136.06 on its counterclaims seeking holdover damages for the period from February 2021 through September 2021, unanimously affirmed. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the final judgment.
Contrary to the contentions of plaintiffs and amicus, the motion court properly awarded summary judgment to defendant landlord on its counterclaim for holdover rent at three times the monthly rent under article 21(A) of the lease after plaintiff tenant failed to vacate upon defendant's termination of the lease for nonpayment. Although plaintiffs and amicus urge that the pandemic created unique circumstances for retail tenants that militates against a bright-line rule requiring a commercial tenant to vacate the premises upon the receipt of a notice of termination, plaintiff tenant could have avoided the consequences of this bargained-for provision had it paid rent under protest or sought a Yellowstone injunction to toll the cure period while the parties litigated their respective positions, neither of which the tenant elected to do (see e.g. Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549, 550 [1st Dept 2021] ["plaintiffs may plead in the alternative that the leases were terminated without abandoning their request for Yellowstone relief, as they asserted that if found in default, they were ready, willing, and able to cure"]). Although plaintiffs maintain that treble rent as holdover damages operates as a penalty, such liquidated damages provisions have routinely been held to be enforceable, and plaintiffs failed to meet their burden to demonstrate that such a provision should not be enforced among sophisticated parties (see e.g. Federal Realty Ltd. Partnership v Choices Women's Med. Ctr., 289 AD2d 439, 442 [2d Dept 2001]; Glaze Teriyaki LLC v MacArthur Props. I LLC, 206 AD3d 513 [1st Dept 2022]).
Moreover, following the dismissal of plaintiffs' complaint, rather than surrender the premises back to defendant as of February 20, 2021 as it represented it would, the tenant failed to return all keys, continued to access the premises, and installed new security cameras in the period following its alleged surrender. Although entry for the purpose of making repairs post-surrender does not create a holdover tenancy (Harmacol Realty Co. LLC v Nike, Inc., 143 AD3d 503, 504 [1st Dept 2016]), here, the record reflects that the tenant reaffirmed the lease during the purported post-surrender [*2]period and maintained control over the premises. Because article 24 of the lease provided that a valid surrender required defendant's written consent, which the tenant failed to obtain, additional holdover damages for the period through September 30, 2021 were warranted (see e.g. Connaught Tower Corp. v Nagar, 59 AD3d 218 [1st Dept 2009]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022