Chelsea 8th Ave. LLC v Chelseamilk LLC (2023 NY Slip Op 05359)

Chelsea 8th Ave. LLC v Chelseamilk LLC

2023 NY Slip Op 05359

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 158387/22 Appeal No. 880 Case No. 2023-02095 

[*1]Chelsea 8th Avenue LLC et al., Plaintiffs-Appellants,
v
Chelseamilk LLC Doing Business as Milk Bar Chelsea, Defendant-Respondent.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellants.
Reitler Kailas & Rosenblatt LLP, New York (Brett Van Benthysen of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.) entered April 10, 2023, which denied plaintiffs' motion for summary judgment on their claims for unpaid rent and attorneys' fees and dismissing the affirmative defenses, unanimously modified, on the law, to grant plaintiffs' motion as to the first and third affirmative defenses, and otherwise affirmed, without costs.
The motion court properly denied plaintiffs' motion for summary judgment seeking a lump sum of $444,220.49 representing unpaid rent for the balance of the lease term together with attorneys' fees. Plaintiffs are correct that following the tenant's abandonment, "the landlord was within its rights under New York law to do nothing and collect the full rent due under the lease" (Holy Props. v Cole Prods., Inc., 87 NY2d 130, 134 [1995]). However, a party may not seek "to obtain all future rent due in one lump sum, undiscounted to present-day value, and also enjoy uninterrupted possession of the property," as that would transform the purported liquidated damages provision into a penalty (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536-537 [2014]).
Here, although styled as a liquidated damages clause, paragraph 18(c) of the parties' standard form of store lease specifically states that defendant's liability after plaintiffs are restored to possession of the premises is limited to "any deficiency between the rent hereby reserved and/or covenanted to be paid and the net amount, if any, of the rents collected on account of the subsequent lease," and future installments continue to become due on the usual rent date specified in the lease. Therefore, an award of rents that have not yet become due under the lease could impermissibly render the requested award disproportionate to plaintiffs' actual losses, warranting denial of summary judgment in plaintiffs' favor (see e.g. 812 Park Ave. Corp. v Pescara, 268 AD 436, 441 [1st Dept 1944], affd 294 NY 792 [1945]). As the Court of Appeals determined in 172 Van Duzer Realty Corp., in those circumstances, defendant should have "the opportunity to present evidence that the undiscounted accelerated rent amount is disproportionate to [the owners'] actual losses, notwithstanding that the landowner had possession, and no obligation to mitigate" (24 NY3d at 537).
Turning to the affirmative defenses, we agree with plaintiffs that the court should have dismissed the first affirmative defense asserting that the "[c]omplaint should be dismissed pursuant to CPLR 3211" as "bare legal conclusions are insufficient to raise an affirmative defense" (see Robbins v Growney, 229 AD2d 356, 358 [1st Dept 1996]). In any event, defendant failed to address it in its opposition (see Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc., 204 AD3d 536, 538 [1st Dept 2022]). We also dismiss the third affirmative defense asserting that plaintiff Chelsea 261 W21-RT LLC lacked standing as a stranger to the [*2]lease, as paragraph 33 of the lease expressly defines "owner" to be whoever owns the building and land and includes successors and assigns, conferring standing to both plaintiffs here as tenants in common. However, the motion court did not need to dismiss the second affirmative defense of failure to state a claim because that defense may be asserted at any time, even if not pleaded (CPLR 3211 [e]; San-Dar Assoc. v Fried, 151 AD3d 545, 545-46 [1st Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023