JDS Constr. Group LLC v Copper Servs., LLC (2024 NY Slip Op 00353)

JDS Constr. Group LLC v Copper Servs., LLC

2024 NY Slip Op 00353

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 656912/20 Appeal No. 1524-1525 Case No. 2023-03014, 2023-03015 

[*1]JDS Construction Group LLC, Plaintiff-Respondent,
v
Copper Services, LLC, Defendant, Talisman Casualty Insurance Company LLC, Defendant-Appellant. 

Chiesa Shahinian & Giantomasi PC, New York (Marc R. Lepelstat of counsel), for appellant.
Cohen Ziffer Frenchman & McKenna, LLP, New York (Andrew N. Bourne of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered March 29, 2023, which, insofar as appealed from as limited by the briefs, denied defendant Talisman Casualty Insurance Company LLC's motion to compel discovery except to the extent of ordering plaintiff to provide an affidavit that it does not possess any other documents relating to, among other things, additional delay costs, and order, same court and Justice, entered on May 19, 2023, which granted plaintiff's motion for summary judgment dismissing any defense of concurrent delays asserted by Talisman, unanimously affirmed, without costs.
In light of the undisputed failure of defendant Copper Services, LLC to comply with a contractual requirement to provide timely notice of an alleged cause of its delay, which was a condition precedent to deeming the alleged cause to be a valid excuse for the delay, the court properly dismissed Talisman's affirmative defense of concurrent delays to Copper's work (see Hunts Point Multi-Serv. Ctr. v Terra Firma Constr. Mgt. & Gen. Contr., 5 AD3d 183, 184 [1st Dept 2004]). The court properly invoked the principle that a "surety . . . stands in the shoes of [its] principal and can avail [it]self of only those defenses available to [the principal]" (General Phoenix Corp. v Cabot, 300 NY 87, 95 [1949]). Talisman's arguments against enforcing the provisions of the contract between plaintiff and Copper and the bonds issued by Talisman, which expressly incorporated the contract, are unavailing (cf. Matter of Sciame Constr. LLC v Re:Source N.J., Inc., 157 AD3d 627 [1st Dept 2018]).
Because Copper's noncompliance with the notice requirement waived any defense of concurrent causes of delay, the court providently exercised its discretion in denying Talisman's motion to compel discovery of records referring to or related to causes of delay.
Talisman fails to make "a clear showing" that the court improvidently exercised its "broad discretion over the discovery process" (Rodney v City of New York, 192 AD3d 606, 606 [1st Dept 2021]) in denying Talisman's request for plaintiff's internal communications regarding plaintiff's alleged nonpayment of Copper or its subcontractors. We note that plaintiff disclosed other documents pertaining to the same subject matter, and that the court, in a November 1, 2022 order, granted leave for Talisman to make specific discovery requests for any necessary additional documents.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024