| |
|---|
| **Grove Equities LLC v Diaz** |
| 2024 NY Slip Op 30363(U) |
| January 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152316/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

GROVE EQUITIES LLC,

                       Plaintiff,

                - v -

RAYMOND DIAZ, AMY DIAZ

                   Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152316/2023 |
| **MOTION DATE** | 01/23/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for                    JUDGMENT - SUMMARY           .

Plaintiff's successive motion for summary judgment is granted in part as described below.

**Background**

In this commercial landlord-tenant action, plaintiff seeks to recover against defendants (the "Guarantors"). It argues that the tenant, non-party Two Future Dreams, Inc., leased the premises located at 43-45 Grove Street in Manhattan and, as of March 1, 2023, the tenant owed over $1.3 million in unpaid rent. The tenant ran a laundromat in the commercial space owned by plaintiff.

Previously, this Court granted plaintiff's first motion for summary judgment as to liability only and directed that there be a trial on damages (NYSCEF Doc. No. 28). The Court observed that plaintiff, in the previous motion, appeared to ask for money owed beyond the statute of limitations and then "backed off" asking for it by seeking to withdraw those claims "without prejudice" in reply (*id*. at 4). The Court also emphasized that "At the trial on damages,

**152316/2023   GROVE EQUITIES LLC vs. DIAZ, RAYMOND ET AL**
  **Motion No.  002**

**Page 1 of 5**

[* 1]

however, plaintiff will have to prove the amount and calculation of late fees" (*id*.). The Court directed that plaintiff file a note of issue for a trial, but permitted the parties to engage in limited discovery regarding the amount of damages sought by plaintiff.

Now, plaintiff moves for summary judgment again and emphasizes that recent developments justify a second motion. It observes that after this Court granted the previous motion as to liability only, plaintiff settled a holdover eviction proceeding with the tenant in Civil Court in a stipulation dated July 25, 2023. The stipulation was also signed by the defendants in this case, the guarantors. The settlement set up a payment plan for the arrears. Plaintiff insists that the tenant paid the first installment under the settlement but then stopped paying. Plaintiff argues that under this stipulation, defendants are obligated to pay as guarantors based on the tenant's default.

In opposition, defendants characterize the amount plaintiff seeks as liquidated damages and insist that plaintiff now wants more than 200% of the amount plaintiff sought in the first motion. Defendants insist that this Court should hold a trial in damages. They admit that they signed the settlement in Civil Court and acknowledge that the tenant almost immediately defaulted.

Defendants point out that the tenant tried to set aside the settlement agreement on the ground of duress, but the Civil Court denied that effort. They insist that there are issues of fact surrounding whether the liquidated damages are an unenforceable penalty and the actual level of damages.

In reply, plaintiff points out that there is a Civil Court judgment against the primary obligor—the tenant—and so the guarantors are also liable. It insists that the defendants are barred from relitigating the amount of damages because of the stipulation of settlement under the

**152316/2023  GROVE EQUITIES LLC vs. DIAZ, RAYMOND ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

doctrine of res judicata. Plaintiff also disputes defendants' characterization of the damages as "liquidated damages." It emphasizes that the stipulation of settlement contained a sum certain already due and is not an estimate as is often implicated in liquidated damages disputes.

**Discussion**

A successive motion for summary judgment is properly denied except where a movant "offer[s] any newly discovered evidence or demonstrate[s] other sufficient cause for making the second motion" (*Brown Harris Stevens Westhampton LLC v Gerber*, 107 AD3d 526, 527, 968 NYS2d 32 [1st Dept 2013]).

Here, much has happened to constitute sufficient cause for making a second motion. First, plaintiff, the tenant, and defendants all signed a stipulation of settlement (NYSCEF Doc. No. 40). That stipulation noted that the current arrears were $1,475,043.11 and that "in between any default under this Stipulation and the date on which Petitioner obtains possession either through eviction or surrender, use and occupancy shall accrue at three times the rate set forth herein ($14,000.00)" (*id*. ¶¶ 7 ,17). The stipulation also noted that the guarantors waived discovery in this action and "any objections to the Current Arrears being due in the Supreme Court action against Guarantors Raymond Diaz and Amy Diaz ("Guarantors"), [are] waived with prejudice" (*id*. ¶ 16).

There is no dispute that the tenant defaulted after making a single payment and the plaintiff entered a judgment against the tenant in July 2023 (NYSCEF Doc. No. 41). Nor do the defendants deny signing the stipulation of settlement in which the "Guarantors reaffirm the terms, covenants, and conditions of their guaranty of the Lease" (NYSCEF Doc. No. 40, ¶ 20).

The Court grants the motion as it fails to see what issues could be raised at a trial. The fact is that defendants expressly waived their rights to discovery and to objecting to the "current

**152316/2023   GROVE EQUITIES LLC vs. DIAZ, RAYMOND ET AL**
  **Motion No.  002**

**Page 3 of 5**

arrears" in *this* action as part of the settlement.  Accordingly, they cannot contest the amount

plaintiff seeks.  Moreover, plaintiff established its entitlement to the $1,608,089.02 it seeks

through the rent ledger (NYSCEF Doc. No. 42), which details the amount of the judgment plus

additional charges, including the stipulated holdover amount, that have accrued since July 25,

2023.

The Court rejects defendants' attempt to characterize the amount plaintiff seeks as

impermissible liquidated damages and therefore as an unenforceable penalty.  The fact is that the

parties stipulated to the arrears a few months ago and the judgment was for the "current arrears,"

not an estimate or prediction.  And to the extent that defendants claim that the holdover amount

(three times the rent) was an unenforceable penalty, the First Department disagrees (*Victoria's

Secret Stores, LLC v Herald Sq. Owner LLC*, 211 AD3d 657, 657 [1st Dept 2022] [finding that a

holdover rent at three times the monthly rent was not an unenforceable penalty]).

In other words, defendants cannot seek to litigate issues that they expressly waived in

connection with the settlement.  As the Civil Court judge noted in denying the tenant's duress

claims, "Payments of the settlement sum were staggered, with different amounts due at specific

dates, in increasing amounts over time, which respondent had negotiated with petitioner, as

opposed to a more commonly negotiated settlement where there is payment of a lump sum

upfront, followed by equal payments of the remaining balance spread over time" (NYSCEF Doc.

No. 55, Addendum at 7-8).  The fact is that the parties (the landlord, the tenant and the

guarantors) negotiated a settlement over many weeks and the tenant defaulted.  That default is

not an opportunity for the guarantors to start litigating all over again.

The Court denies the branch of plaintiff's motion that seeks legal fees as neither the

affidavit in support (NYSCEF Doc. No. 38) nor the reply papers make any arguments about legal

**152316/2023   GROVE EQUITIES LLC vs. DIAZ, RAYMOND ET AL**
**Motion No.  002**

**Page 4 of 5**

4 of 5

[* 4]

fees.  And while the statement of material facts (NYSCEF Doc. No. 37) demands legal fees, it does not cite a specific basis to recover legal fees.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted only to the extent that the Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $1,608,089.02 plus statutory interest from November 2, 2023 along with costs and disbursements upon presentation of proper papers therefor.

| 1/31/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|----------------|---|---------------|---|------------------------|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152316/2023   GROVE EQUITIES LLC vs. DIAZ, RAYMOND ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5

[* 5]