Elk 33 E. 33rd LLC v Sticky's Corporate LLC (2024 NY Slip Op 03132)

Elk 33 E. 33rd LLC v Sticky's Corporate LLC

2024 NY Slip Op 03132

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 650290/21 Appeal No. 2118-2119 Case No. 2023-03689, 2024-00358 

[*1]Elk 33 East 33rd LLC, Respondent,
v
Sticky's Corporate LLC, et al., Appellants. 

Brick Law PLLC, White Plains (Brian H. Brick of counsel), for appellants.
Horing Welikson & Digrugilliers, P.C., Williston Park (Brian W. Shaw of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered June 29, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its first cause of action for $576,069.05 under the lease, the corporate guaranty, and the good guy guaranty, and as to liability on its third cause of action for attorneys' fees, unanimously modified, on the law, to the extent of granting summary judgment on the first cause of action on liability and remanding the matter for a determination on damages in accordance with this decision and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 17, 2024, which denied defendants' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
The motion court properly granted plaintiff summary judgment on its first cause of action for breach of the lease, the corporate guaranty, and the good guy guaranty. Articles 25 and 70.3 of the lease require plaintiff's written acceptance of defendant tenant's surrender, and the good guy guaranty defendant Jonathan Sherman executed required surrender to be performed in accordance with the lease in order to limit Sherman's liability through the date of surrender. The failure to obtain landlord's written acceptance of tenant's surrender warrants summary judgment in plaintiff's favor, irrespective of whether the other conditions of the good guy guaranty were met (see Empire LLC v Sharapov, 192 AD3d 417, 418 [1st Dept 2021]).
Defendant further contends that the acceleration of the rent and additional rent upon its surrender is an unenforceable penalty, thereby rendering the lease's liquidated damages provision unenforceable. This position is unavailing. "[L]iquidated damages provisions have routinely been held to be enforceable" against sophisticated parties, such as defendants herein (Victoria's Secret Stores, LLC v Herald Sq. Owner LLC, 211 AD3d 657, 658 [1st Dept 2022]; see also 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014]). "[O]nce a tenant abandons the property prior to expiration of the lease, a landlord [is] within its rights under New York law to do nothing and collect the full rent due under the lease" (172 Van Duzer Realty Corp., 24 NY3d at 535 [internal quotation marks omitted]). However, an enforceable liquidated damages provision must be proportionate to the actual damages sustained and cannot serve as a penalty (id. at 536).
Here, Article 70.11.1 of the lease permits landlord to accelerate and collect the aggregate of the rent and additional rent due through the expiration of the lease, discounted to present value by 4% per annum, upon default or landlord's re-entry into the premises, or to collect rent and additional rent when due through the end of the lease, provided a net credit is given to tenant in the event that the premises is relet. We therefore agree with landlord that it [*2]was permitted to accelerate and collect the entire rent upon tenant's surrender. However, landlord concedes on appeal that it relet the premises and began collecting rent from a new tenant as of January 2023 [FN1] and publicly filed documents purporting to show that the premises may have been relet as early as August 2022 (see Matter of Part 60 RMBS Put-Back Litig., 155 AD3d 482, 483 [1st Dept 2017]; Kinberg v Kinberg, 85 AD3d 673, 674 [1st Dept 2011]). While landlord was permitted to accelerate the entire rent, it is not permitted to an acceleration pursuant to Article 70.11.1 (I) and to relet the premises under subsection (II) (see Holy Props. v Cole Prods., 87 NY2d 130, 133-134 [1995]). Accordingly, on the briefs before us, issues remain concerning landlord's election pursuant to Article 70.11.1 and whether the liquidated damages are in fact a penalty under the facts herein. The matter is remanded for a determination as to when landlord relet the premises and for a calculation of damages pursuant to Article 70.11.1 of the lease.
Defendants' contention that plaintiff failed to provide notice and an opportunity to cure under the lease is unpreserved, and we decline to consider it the exercise of our discretion (Chadha v Wahedna, 206 AD3d 523, 525 [1st Dept 2022]).
Because plaintiff is the prevailing party for the reasons set forth above, the motion court properly granted summary judgment as to liability on its third claim for attorneys' fees (see e.g. 9-11 Stanton St. Realty Corp. v Stanton St. Cleaners, Inc., 222 AD3d 570, 571 [1st Dept 2023]). Finally, although defendants purport to appeal from the motion court's January 2024 order, no appeal lies from an order denying reargument (CPLR 5701[a][2][viii]; Alekna v 207-217 W. 110 Portfolio Owner LLC, 212 AD3d 480 [1st Dept 2023]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024

Footnotes

Footnote 1: In opposing tenant's motion to reargue, landlord, through counsel, contended that tenant failed to raise the issue of whether the premises had been relet in opposition to the summary judgment motion, failed "to rebut Plaintiff's assertion that it had not rented the Premises to a new tenant," and that the "newfound assertion" was "irrelevant." Counsel's affirmation was dated August 25, 2023, eight months after landlord had already admittedly relet the Premises. This position was disingenuous in light of landlord's admission on appeal.