Prospect Resources Inc. v Levant Capital N. Am., Inc. (2025 NY Slip Op 02169)

Prospect Resources Inc. v Levant Capital N. Am., Inc.

2025 NY Slip Op 02169

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 158915/21|Appeal No. 4116|Case No. 2024-01274|

[*1]Prospect Resources Inc., Appellant,
v
Levant Capital North America, Inc., et al., Respondents.

Kucker, Marino, Winiarsky & Bittens, LLP, New York (Jeffrey Levine of counsel), for appellant.
The Law Office of Alexander Paykin, P.C., New York (Reuben Mirzakanov of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered February 8, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint on the grounds that the action was barred by res judicata and granted so much of the motion as requested an inquest to determine defendants' costs and counsel fees, unanimously reversed, on the law, with costs, the motion denied, and the order vacated insofar as it referred the matter for an inquest.
On January 30, 2015, defendant Levant Capital North America leased a commercial space from plaintiff. In May 2017, plaintiff commenced a summary nonpayment proceeding in Civil Court, seeking eviction, a judgment for rent arrears, any additional amounts of rent that accrued after the date of the petition, and counsel fees. The Civil Court ultimately awarded plaintiff $34,830.47, which covered the time that the eviction proceeding had been pending, and also awarded a judgment of possession and warrant of eviction. The court did not award rent arrears sought in the petition. In February 2018, plaintiff evicted Levant, which eventually paid plaintiff the $34,830.37 judgment. On August 28, 2021, plaintiff filed a satisfaction of judgment with Civil Court.
This action, in which plaintiff seeks the recovery of rent arrears, is not barred by the doctrine of res judicata, as plaintiff could not have sought relief for its current claims in the Civil Court eviction proceeding. Although the rent arrears claim arises out of the same transaction as the claim for future rent (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]), res judicata is inapplicable where the plaintiff could not seek a particular remedy in the first action because of a limitation on a court's subject matter jurisdiction, and plaintiff wishes to seek that remedy in the second action (see Parker, 93 NY2d at 349, citing Restatement [Second] of Judgments § 26[1][c]; see also Rostant v Swersky, 79 AD3d 456, 457 [1st Dept 2010]).
The liquidated damages clause in the lease expressly provided that plaintiff was under no duty to mitigate damages by re-letting the premises and further provided that, even if Levant was evicted, it was to remain liable for its monetary obligations under the lease (see Holy Props. v Cole Prods., 87 NY2d 130, 134 [1995]; 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014]). However, Civil Court, which determined the eviction proceeding, is "without authority to address a claim for the balance of rent due" as liquidated damages (172 Van Duzer Realty Corp., 24 NY3d at 534; see NY City Civ Ct Act § 204). Thus, once plaintiff had been awarded judgment in the summary proceeding, the parties' relationship as landlord and tenant ended and whatever monetary liability Levant may have had to plaintiff at that point "was no longer in the nature of rent, but was in the [*2]nature of contract damages" (Ross Realty v V & A Fabricators, Inc., 42 AD3d 246, 249 [2d Dept 2007]).
Because defendants have not prevailed on their pre-answer motion to dismiss, they are not entitled to counsel fees and costs at this time. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025