Sang Min Kim v Bedouet (2025 NY Slip Op 02875)

Sang Min Kim v Bedouet

2025 NY Slip Op 02875

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 653761/19|Appeal No. 4330|Case No. 2024-01862|

[*1]Sang Min Kim et al., Plaintiffs-Appellants,
v
Yvan Bedouet et al., Defendants-Respondents.

Law Office of Robert L. Greener, P.C., New York (Robert L. Greener of counsel), for appellants.
Lubelsky and Associates, New York (Thomas J. Sottile of counsel), for Yvan Bedouet respondents.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about February 6, 2024, which, to the extent appealed from, denied plaintiffs' cross-motion for summary judgment on their breach of contract claim, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for a determination of the amount due under the liquidated damages provision of the parties' contract.
Supreme Court declined to grant summary judgment, finding triable issues of fact in this action between plaintiffs, purchasers of a cooperative apartment, and defendant seller. Defendant seller, who requested continued possession of the apartment after closing for one month, complains that the holdover rent set in the liquidated damages provision of the post-closing possession agreement is grossly disproportionate because, over the course of 30 days, it amounted to three times the amount of rent set for the initial 30-day period of possession. However, "[w]hether a provision in an agreement is an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances" (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014] [internal quotation marks omitted]). The party "seeking to avoid liquidated damages" bears the burden "to show that the stated liquidated damages are, in fact, a penalty" (id. [internal quotation marks omitted]).
Plaintiffs' cross-motion for summary judgment should have been granted. "[L]iquidated damages clauses that permit a landlord to recover between two or three times the amount of the existing rent or license fee in a holdover proceeding are not 'grossly disproportionate' to the probable loss and therefore, not a penalty" (Seymour v Hovnanian, 211 AD3d 550, 554 [1st 2022]; see NGM Mgt. Group LLC v Bareburger Group LLC, 224 AD3d 600, 603-604 [1st Dept 2024]; Victoria's Secret Stores, LLC v Herald Sq. Owner LLC, 211 AD3d 657, 658 [1st Dept 2022]). Moreover, defendant does not account for plaintiffs' payment during the holdover period of the maintenance and assessment, in addition to the mortgage. The agreement further provides that defendant is responsible for plaintiffs' costs of administering the agreement, among other things, which were unknown at the time the agreement was signed. Thus, "the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (Seymour, 211 AD3d at 553 [internal quotation marks omitted]).
Furthermore, defendant cannot establish substantive unconscionability since the liquidated damages provision is not "unreasonably favorable" to plaintiffs (King v Fox, 7 NY3d 181, 191 [2006]; see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10-11 [1988]). Nor is there evidence to establish that defendant lacked meaningful choice, as defendant admittedly knew he needed to move out prior [*2]to closing, he himself sought the agreement to extend his possession, and he testified that his attorney negotiated the agreement, explained it to him, and that he trusted the attorney (see King, 7 NY3d at 191). Furthermore, plaintiffs' insistence that the apartment sale close before their rate lock expired, about two and a half months after the parties executed the contract of sale, does not constitute "high-pressure tactics" or show an imbalance of bargaining power with respect to the post-closing agreement (Gillman, 73 NY2d at 10-11).
As defendant admittedly vacated the apartment well after the initial 30-day period of possession contemplated, he triggered the liquidated damages provision, and is liable under it.
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025